PAULETTE L. STEWART
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, Montana 59626
Phone: (406) 457-5120
Fax:   (406) 457-5130
Email: paulette.stewart@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS WAYNE SILLIVAN,<br><br>Defendant. | CR 21-06-H-BMM<br><br><br>UNITED STATES' SENTENCING MEMORANDUM |

The United States of America, represented by Assistant U.S. Attorney Paulette L. Stewart, files this sentencing memorandum in compliance with the Court's order dated September 21, 2021. *See* Doc. 105.

Sillivan is convicted of prohibited person in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) as charged in the superseding information. His calculated, advisory guideline range is 15 to 21 months imprisonment based on a

1

total offense level of 12 and a criminal history category of III. PSR ¶ 64. He faces a maximum term of ten years imprisonment. PSR ¶ 63. There are two objections to the sentencing calculation which will be addressed below. See PSR Addendum. The objections – one to the stolen enhancement and one requesting a minimal role reduction – should be overruled.

After analyzing the 3553(a) sentencing factors, Sillivan should be sentenced within the calculated, advisory guideline range.

## PSR Objections.

1. The stolen enhancement under USSG §2K2.1(b)(4)(A) applies to the stolen ammunition (propellant powder) as recommended in PSR ¶ 21.

    The defendant states in his objection to PSR ¶ 21: Disagree that the enhancement under §2K2.1(b)(4)(A) applies. First, the plain language of this Guideline provision applies only to firearms. Firearms are defined in 18 U.S.C. § 921(a)(3), and the definition does not include stand-alone black powder. Application note 8(A) is inapplicable, as it applies only to subsection (a)(7), whereas (a)(6) is what applies here. Application note 8(B) is inapplicable because it refers only to firearms, and not to ammunition. Further, any 922(g) enhancement under the Guidelines that expressly discounts *mens rea* is unlawful after Rehaif v. United States, 139 S.Ct. 2191 (2019). Here, the evidence is quite clear Doug did not know the powder was stolen.

    The response of the PSR writer is correct: The undersigned officer agrees with the government; therefore, the defendant received a two-point enhancement for stolen gun powder. This enhancement applies to ammunition under application note 8(A), stating *if the offense involved a stolen firearm or ammunition, apply subsection (b)(4)(A)*. Ammunition can be defined under 18 U.S.C. § 921(a)(17)(A) which states the term *"ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm*. Application note 8B: Knowledge or Reason to Believe, states *Subsection (b)(4) applies regardless*

2

*of whether the defendant knew or had reason to believe that the firearm was stolen.*

USSG §2K2.1(b)(4)(A) states: If any firearm was stolen, increase by 2 levels. Application note 8 is instructive:

> (A) <u>Interaction with Subsection (a)(7)</u>.—If the only offense to which §2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A). This is because the base offense level takes into account that the firearm or ammunition was stolen. However, if the offense involved a firearm with an altered or obliterated serial number, apply subsection (b)(4)(B).
>
> Similarly, if the offense to which §2K2.1 applies is 18 U.S.C. § 922(k) or 26 U.S.C. § 5861(g) or (h) (offenses involving an altered or obliterated serial number) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(B). This is because the base offense level takes into account that the firearm had an altered or obliterated serial number. However, it the offense involved a stolen firearm or stolen ammunition, apply subsection (b)(4)(A).
>
> (B) <u>Knowledge or Reason to Believe</u>.—Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number.

For purposes of this guideline, "Ammunition" has the meaning given that term in 18 U.S.C. § 921(a)(17)(A). Ammunition means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

3

In this case, the propellant powder was stolen, it does not matter whether Sillivan knew it was stolen or not, and the enhancement should apply.

2. The minor role adjustment satisfies the defendant's role in the offense, and the minimal adjustment does not apply as recommended in PSR ¶ 23.

The defendant states in his objection to PSR ¶ 23: Disagree that there is no adjustment for Doug's role in this offense. Doug's involvement in this offense was "minimal." See USSG §3B1.2(a). Doug is substantially less culpable than his co-defendants, the Morsette's. He lacked knowledge and understanding of the scope and structure of the enterprise. He did not know the powder was stolen. He handled the powder only in an attempt to be helpful to Morsette, and upon Morsette's instruction. This is very clear, both from the discovery and from the evidentiary hearing in this matter. Doug qualifies for a 4-point reduction.

The response of the PSR writer is correct: after further review, the undersigned officer partially agrees with the defendant. The defendant's role in the offense was "minor" under 3B1.2(b), therefore, the defendant will receive a two-point reduction. The defendant does not qualify as a "minimal" participant because it is unclear as to how much the defendant understood the scope and structure of the offense. The defendant was living with the Morsettes' at the time and knew where the gun powder was stored in the residence. ATF conducted surveillance at Modern Pawn and had seen the defendant's vehicle parked there on more than one occasion, meaning it is reasonable to believe the defendant was well aware of what was going on. The defendant also confirmed in an interview with the ATF that he would deliver gun powder for "JR" on one or two occasions.

Although Sillivan may not be as knowledgeable of the Modern Pawn operations, Sillivan was frequently present and was present for the duration of the transaction where he helped transport the stolen propellant powder into the buyer's vehicle. He was not charged with additional counts or additional conduct as a result.

The two-level reduction is warranted, but not four levels.

### 3553(a) FACTORS

The 3553(a) sentencing factors support a sentence within the calculated, advisory guideline range.

### Nature and circumstances of the offenses.

The details of the offenses are set forth in the PSR (paragraphs 8-14) as well as the offer of proof (Doc. 94). In late February/early March of 2021, Sillivan helped a Modern Pawn customer load 88 pounds of propellant powder into a vehicle after that customer purchased the propellant powder from Isaiah Morsette. Sillivan was present for the transaction.

The theft of a large amount of propellant powder in February 2021 indirectly began the investigation into the dealings of Modern Pawn.

Sillivan is a convicted felon on state supervision as the result of his 2004 conviction for felony sexual assault in Stillwater County. In August 2009, his 15-year suspended sentence was revoked to 15 years in the Montana State Prison with a requirement that he complete Phases I and II of sex offender treatment before being parole eligible.

### The history and characteristics of the defendant.

Sillivan is a 70-year-old man with two notable felony convictions. PSR ¶¶ 32-33. Those two convictions are for a 1996 rape case in Kay County, Oklahoma,

at age 44; and a 2003 (offense date) felony sexual assault in Stillwater County, Montana, at age 52. *Id*. He began his current term of state supervision (parole) in 2017. Sillivan told agents after his arrest in July 2021 that he was scheduled to release from parole in just under three years. USAO 832. He committed the instant offense while on state supervision, so he has a total of five criminal history points and a criminal history category of III. PSR ¶¶ 35-36.

Sillivan does not suffer from any significant health issues. PSR ¶¶ 44-45. In the past, Sillivan has participated in mental health treatment as well as sex offender treatment. PSR ¶¶ 46-49. MT DOC records do not indicate whether or not he participated in any aftercare programs. PSR ¶ 49. Sillivan reported his last use of alcohol in 2003 and has never used illegal drugs. PSR ¶¶ 51-52.

Sillivan graduated high school in 1971. PSR ¶ 53. He spent two years in the Army. PSR ¶ 54. He has been unemployed since he went to prison in 2009. PSR ¶ 55. He survives on social security income. PSR ¶ 61.

**The need for the sentence imposed to reflect the seriousness of the offense.**

A felon possessing stolen ammunition (for any reason) is a serious offense.

**Promote respect for the law.**

Sillivan's respect for the law is unclear.

/ / /

/ / /

### Provide just punishment for the offense.

A sentence of imprisonment within the advisory guideline range followed by three years supervised release would be just punishment for this offense.

### Afford adequate deterrence to criminal conduct.

A sentence of imprisonment within the advisory guideline range will deter Sillivan from further criminal conduct.

### Protect the public from further crimes of the defendant.

A sentence of imprisonment within the advisory guideline range followed by three years supervised release will protect the public from further crimes by the defendant.

### Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Sillivan does not have educational, vocational, medical, or other correctional treatment that is needed. The recommended conditions of supervision should be adopted by the Court and incorporated into Sillivan's judgment. See PSR ¶¶ 80-82.

### Conclusion.

The United States recommends a sentence within the advisory guideline range followed by a three-year term of supervised release.

/ / /

/ / /

/ / /

Respectfully submitted this 18th day of April 2022.

                                           LEIF M. JOHNSON
                                           United States Attorney

                                           */s/ Paulette L. Stewart*
                                           Assistant U.S. Attorney
                                           Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April 2022, a copy of the foregoing document was served on the following persons by the following means:

<pre>
 1-2  CM/ECF
____  Hand Delivery
____  U.S. Mail
____  Overnight Delivery Service
____  Fax
____  E-Mail
</pre>

1. Clerk of Court

2. Andrew Huff
   Attorney for Defendant

<pre>
                              /s/ Paulette L. Stewart
                              Assistant U. S. Attorney
                              Attorney for Plaintiff
</pre>