Andrew I. Huff
Law Office of Andrew I. Huff
2601 Broadway Street
Helena, MT  59601
Ph:    (406) 551-9120
Cell:  (406) 465-7623
Fax:  (406) 441-2100
aihuff@msn.com

*ATTORNEY for Defendant*
*Douglas Wayne Sillivan*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DOUGLAS WAYNE SILLIVAN,<br><br>　　　　　　　Defendant. | Case No. CR-21-06-H-BMM<br><br>**DOUGLAS SILLIVAN'S SENTENCING MEMORANDUM** |

　　　The Defendant, Douglas Sillivan, is set down for sentencing before this Court on April 28, 2022, at 11:00 a.m.  This memorandum is submitted to aid and assist the Court in its preparation for sentencing.

1

BACKGROUND

Doug Sillivan is a 70-year old man with a patchy memory, an uncomplicated mind, and a fervent desire to avoid further legal troubles in his life. He has stated innumerable times to the undersigned counsel that he is too old to go back to prison, and that he was doing well under state supervision until being asked by his co-defendant, Isaiah Morsette, to help out at his Pawn Shop business. He agreed to to assist (without pay) at the shop because the Morsette's had shown him kindness in allowing him to live on their property, rent-free, in a small shack with no plumbing. He intensely regrets agreeing to run errands for Morsette. He wishes he'd had the presence of mind to refuse to handle the gun powder at issue here.

The evidence in this case indicates Mr. Sillivan handled gun powder at the request and direction of his co-defendant, Isaiah Morsette. Doug never knew the gun powder was stolen; and never had any criminal intent in handling the powder. During his custodial interview Mr. Sillivan states in answer to questions about his involvement with gun powder that Mr. Morsette would direct him to run errands and he would do so because he was trying to be helpful. He helped load propellant powder into a customer's vehicle after that customer purchased the powder from Morsette. Unbeknownst to be both the purchaser and to Doug, the gun powder had been stolen.

Doug was raised on a farm located to the east of Big Timber, and attended high school in Rapelje, Montana. He had a difficult time in high school. Although Doug has minimal reading skills, he has difficulty understanding and retaining what he reads. He did not do well in school, flunking two grades before "barely" graduating in 1971. Because of his reading difficulties, he could not pass most exams. He has had lifelong difficulty with "paperwork." Although he did not pass the entrance exam, the U.S. Army allowed him to join up, in 1973. Mr. Sillivan reports that he served in the Army from 1973 to 1975, and was honorably discharged. While incarcerated at the Montana State Prison, Doug suffered a severe head trauma which badly impacts him to this day.

At the time of this incident, Doug did understand that he had previously been convicted of a felony offense and that he was not allowed to handle guns or ammunition. The evidence indicates that Doug refused to touch guns or bullets, even when asked to do so by Mr. Morsette. In defense counsel's opinion, the connection between raw gun powder and actual bullets was too attenuated to raise the same red flags in Doug's mind. Further, it is defense counsel's opinion that Morsette likely exploited Doug to handle the powder because he had his own criminal background. In the array of cases handled by the undersigned defense counsel over the years, Doug stands as the <u>least</u> culpable person to have been charged with a federal offense.

OBJECTIONS TO THE PSR

Defense counsel withdraws his <u>technical</u> objections to the applicability of a two-point enhancement under USSG §2K2.1(b)(4)(A), but maintains that application of the enhancement is improper after <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (June 21, 2019). The only on-point case in the Ninth Circuit uncovered by defense counsel concerning the impact of <u>Rehaif</u> on §2K2.1(b)(4) of the Guidelines is <u>United States v. Jackson</u>, 838 Fed. Appx. 262 (9th Cir. 2020), a federal appendix case of limited to no precedential value. In holding that the USSG §2K2.1(b)(4) enhancement does not have a scienter requirement, the Circuit panel relied on <u>United States v. Prien-Pinto</u>, 917 F.3d 1155, 1156-61 (9th Cir. March 12, 2019) – a <u>pre-Rehaif</u> case. The <u>Jackson</u> panel merely states, with no analysis, "<u>Rehaif</u> does not affect <u>Prien-Pinto</u>'s holding." In defense counsel's opinion, a single federal appendix case, void of legal analysis, does not constitute binding precedent. This issue appears to be open in this Circuit.

The Seventh, Fourth, and Sixth Circuits have substantively addressed the impact of <u>Rehaif</u> on USSG §2K2.1(b)(4), concluding generally that <u>Rehaif</u> does not mandate a scienter requirement in order for the enhancement to apply. See <u>United States v. Palos</u>, 978 F.3d 373, 377 (6th Cir. 2020); <u>United States v Malone</u>, 827 Fed. Appx. 556 (6th Cir. 2020); <u>United States v. Price</u>, 2022 U.S. App. LEXIS 6091 (7th Cir. 2022); <u>United States v. Burroughs</u>, 818 Fed. Appx. 285, 286 (4th Cir.

4

2020).  These cases hold either that the new version of the Guidelines did not change after Rehaif, and the Guidelines must therefore be applied unchanged (e.g., Price); or that applying a scienter-less sentencing enhancement after conviction is different from requiring scienter for conviction on the substantive offense (e.g., Palos, Burroughs, Malone).

    The attempt by these courts to conform USSG §2K2.1(b)(4)(A), and its application note 8(a), to the holding in Rehaif is strained and unpersuasive.  Rehaif held that a conviction under 18 U.S.C. §922(g) requires that the defendant know of his status as a person prohibited to possess a gun.  139 S.Ct. at 2195-2198, 2200.  In reaching this conclusion, the Supreme Court affirmed the long-standing presumption in favor of a scienter requirement in criminal law.  Id.   As held by the Court, "Beyond the text, our reading of §922(g) and §924(a)(2) is consistent with a basic principle that underlies the criminal law, namely, the importance of showing what Blackstone called 'a vicious will.'  As this Court has explained, the understanding that an injury is criminal only if inflicted knowingly 'is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.'  Scienter requirements advance this basic principle of criminal law by helping to 'separate those who understand the wrongful nature of their act from those who do not."  139 S.Ct. at 2196 (citations omitted).  Without the presumption of

5

scienter, an accused's conduct "may instead be an innocent mistake to which criminal sanctions normally do not attach. Cf. O. Holmes, The Common Law 3 (1881)('even a dog distinguishes between being stumbled over and being kicked')." 139 S.Ct. at 2197.

The very same statute is at issue in this matter, §922(g). The Guidelines, pursuant to application note 8(a) of §2K2.1(b)(4), seek to impose a harsher punishment on Doug for factual circumstances completely out of his control and outside of his knowledge. The Guidelines most definitely impose "criminal sanctions" and the Supreme Court made clear in Rehaif that criminal sanctions <u>do not</u> normally attach to those who make an innocent mistake. The courts cannot – absent seriously distorted logic – on the one hand solemnly require scienter for a 922(g) conviction, and on the other increase the severity of criminal sanctions based on facts outside the knowledge or control of a defendant. Conviction and sentencing are part of the same criminal sanction arc, and a defendant should not be subject to an enhanced sentence for circumstances that could not result in a conviction. The two-point enhancement is therefore inappropriate.

For these same reasons, defense counsel maintains that Doug is eligible, under the facts of this case, for a 4-point reduction as a minimal participant, and the Guideline calculation should be adjusted accordingly. USSG §3B1.2(a). All other objections are withdrawn.

## SECTION 3553(a) FACTORS

(1) Nature and circumstances of the offense.

Upon Mr. Morsette's instruction and in an attempt to be helpful, Doug assisted a customer in loading gun power into the customer's vehicle and on one other occasion either received or delivered powder from someone unknown to him. At the time of these incidents, Doug knew he was a convicted felon and that he was not allowed to handle ammunition. He made a mistake without thinking through the potential consequences.

(2) History and characteristics of the defendant.

Doug's history and characteristics are outlined at the beginning of this memorandum. With the sole exception of his lapse of judgment in assisting Morsette, Doug has behaved impeccably under state supervision, and during the course of this prosecution. He has tried to remain quiet and law abiding and is very disturbed by the prospect of going back to prison. His past convictions, although serious, occurred long ago. He wants nothing more than to continue to live quietly and to avoid further interaction with the criminal justice system.

Doug's statement of acceptance of responsibility is transcribed below:

Your honor I apologize for doing what I did. I knew I wasn't supposed to touch ammunition, but I made a mistake. I just wanted to help JR out. When he asked me to help load the powder it all happened quickly and I didn't think about it. I've been doing good on probation. I've been trying to stay out of trouble. At my age I just want to be left alone. I'm very sorry this happened.

(3)  The need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Defense counsel recommends a sentence of time served (2 days custody), plus three years of supervised release.  The nature of this offense does not merit further incarceration.  Doug handled gun powder, and he acknowledges he should not have done so.  He had no criminal intent, just a serious lapse in judgment.  Prior to his lapse in judgment, he assiduously avoided trouble while on state supervision, and has done the same pending resolution of this charge.  It is obvious that he respects the law and fervently desires to have no further interaction with the criminal justice system.  Supervised release will deter him from any criminal conduct and protect the public.  Supervised release rather than further incarceration would also be the best option for Doug to seek the assistance of the VA with respect to his continuing symptoms resulting from his head trauma.  Doug is 70-years old, has had a hard life, and would not do well in a prison setting.  In particular, he fears his nighttime convulsions will lead to a head injury.  A sentence

of incarceration would be far more than is necessary to achieve the purposes of 18 U.S.C. §3553(a), given the nature of this offense and the nature of the defendant.

(4)  The kinds of sentence available.

Pursuant to 18 U.S.C. §924(a)(2), the sentence in this matter is a fine, or imprisonment for not more than 10 years, or both.  There is no mandatory minimum at issue.  His co-defendant, Mrs. Morsette, paid the restitution balance in full.  Doug does not have the resources to pay any significant fine.  Upon his arrest, Doug spent two days in custody.  Defense counsel therefore recommends a sentence of time served, plus three years of supervised release. 18 U.S.C. §3583(b)(2).

(5)  The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Based upon a base offense level of 8 (a base offense level of 14, minus 4 pursuant to USSG §3B1.2(a), minus 2 pursuant to USSG §3E1.1(a)), and a criminal history category of III, the Guideline range is 6 to 12 months.  A variance from this range is merited because the nature of the offense, and the nature of the defendant.  Again, there was no real criminal intent here, merely bad judgment.  Further, Doug is a 70-year old man who will not do well in a prison setting, and

who wishes to live quietly and have access to VA services. This is not the sort of offense which merits the harsh punishment of incarceration.

(6) The need to avoid unwarranted sentence disparities.

Defense counsel is unaware of any sentencing disparity that would result from a sentence of time served followed by three years of supervised release.

(7) The need to provide restitution to any victims of the offense.

Restitution has already been paid in full.

## CONCLUSION

For the foregoing reasons, defense counsel requests a sentence of time served plus three years of supervised release.

Respectfully submitted this 22nd day of April, 2022.

*Andrew I. Huff*
Andrew I. Huff
Law Office of Andrew I. Huff
2601 Broadway Street
Helena, MT  59601
Bar #4755

## CERTIFICATE OF COMPLIANCE AND OF SERVICE

CR 47.2 (c), L.R. 5.2 (b)

I hereby certify that **DOUGLAS SILLIVAN'S SENTENCING MEMORANDUM** a total of 2281 words.  I further certify that on April 22, 2022, a copy of the foregoing Memorandum was served upon the Clerk of the United States District Court and upon Assistant United States Attorney Paulette Stewart, by filing through the CM-ECF system.  A copy of the foregoing Memorandum was served upon Mr. Sillivan by hand delivery.

*Andrew I. Huff*

Andrew I. Huff
Law Office of Andrew I. Huff
2601 Broadway Street
Helena, MT  59601
Bar #4755

Attorney for Douglas Sillivan